Priority  
Send  
Enter  
Closed  
JS-5/JS-6  
JS-2/JS-3  
Scan Only  

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. CV 05-3612-ABC(RCx)                Date: May 4, 2006

Title:  Willow Rorabaugh v. Continental Casualty Company, et al.
=================================================================
DOCKET ENTRY

DOCKETED ON CM
MAY 4 2006
BY _____ 061

=================================================================
HON. ROSALYN M. CHAPMAN, UNITED STATES MAGISTRATE JUDGE

| Marsha Eugene-Dominque | None | 406 |
| Deputy Clerk | Court Reporter | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANTS:
Glenn R. Kantor                            Robert F. Keehn
Corinne Chandler


PROCEEDINGS:  ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
              DEFENDANT TO PROVIDE FURTHER DISCOVERY RESPONSES


     On April 10, 2006, plaintiff Willow Rorabaugh filed a notice of motion and motion to compel defendant Continental Casualty Company to provide further discovery responses, a joint stipulation, and the supporting declaration of Corinne Chandler, with exhibits.  On April 10, 2006, plaintiff filed the supporting declaration of Glenn R. Kantor, with exhibit, and on April 11, 2006, defendant filed the opposing declaration of Robert F. Keehn.  Finally, on April 20, 2006, plaintiff filed a reply and the supplemental supporting declaration of Corinne Chandler, with exhibits.  Oral argument was held before Magistrate Judge Rosalyn M. Chapman on May 4, 2006.  Glenn R. Kantor and Corinne Chandler, attorneys-at-law with the firm Kantor & Kantor, appeared on behalf of plaintiff, and Robert F. Keehn, attorney-at-law with the firm Galton & Helm, appeared on behalf of defendant.

     The Court, having reviewed all documents, **HEREBY GRANTS** plaintiff's request to conduct limited discovery relevant to plaintiff's contention that the trial court should apply a de novo standard of review in this matter, see, e.g., Firestone Tire

#40

& Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1158-1162 (9th Cir. 2001); Sullivan v. Prudential Ins. Co. of America, 233 F.R.D. 573, 575 (C.D. Cal. 2005), and **FURTHER GRANTS** plaintiff's motion to compel responses to Interrogatory nos. 1 through 8 and Request for Production nos. 1 through 7, provided said interrogatories and requests are limited to the years 2002, 2003 and 2004 or the time period January 1, 2002, through December 31, 2004.[1] Specifically, the Court finds most of defendant's objections are boilerplate objections without factual support, and such objections have no merit. A. Farber & Partners v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Further, defendant's trade secret objection is also without factual support; nevertheless, plaintiff has agreed to enter into a protective order in this action. Finally, as noted above, defendant's relevancy objection is without merit. Thus, defendant **IS ORDERED** to answer the interrogatories without objection and to provide responsive documents to plaintiff no later than ten (10) days from the date of this Order.

Additionally, pursuant to Fed. R. Civ. P. 1 and the Court's equitable powers, the Court **GRANTS** plaintiff's request to depose Dr. Robert L. Marks, who reviewed plaintiff's claim,[2] and to have the deposition of Jonathan Peter Strang, M.D., in the matter of McMahon v. Continental Casualty Company, United States District Court for the Northern District of California, case no. C05-1292-CRB, be considered discovery produced in this action. Further, the Court also **ORDERS** that in the event the parties do not stipulate that the trial court should apply the de novo standard of review in this action, Dr. Strang's deposition shall be part of the administrative record in this case. Defendant **IS ORDERED** to advise plaintiff no later than May 8, 2006, at 4:00 p.m., whether it will stipulate that the trial court shall apply the de novo standard of review in this action, and, if such stipulation is agreed to, defendant need not respond to the Interrogatories and Request for Production nos. 1 through 6; nevertheless, defendant **SHALL TIMELY RESPOND** to Request for Production of Documents no. 7.

---

[1] At oral argument, plaintiff withdrew her motion to compel further responses to Request for Production nos. 8 through 12.

[2] The Court has been advised that Dr. Marks' deposition is scheduled for tomorrow.

S:\RC\DOCS\Case053\05-3612.2.wpd
5/4/06

Service List:

Glenn R. Kantor
Corinne Chandler
Kantor & Kantor, LLP
17216 Parthenia Street
Northridge, CA 91325

Robert F. Keehn
Galton & Helm LLP
500 South Grand Avenue
Suite 1200
Los Angeles, CA 90071-2624

Honorable Audrey B. Collins

Initials of Deputy Clerk _ALL_

1:00